**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SWISS RE INTERNATIONAL SE,<br><br>Plaintiff,<br><br>V.<br><br>NORA & PARTNERS, LLP, an Illinois Limited Liability Partnership; VERONICA NULMAN; MYRA BROWN,<br><br>Defendants. | Case No. 1:25-cv-07055<br><br>Hon. Georgia N. Alexakis<br><br>Magistrate Judge Maria Valdez |

**<u>JOINT STATUS REPORT</u>**

Plaintiff Swiss Re International SE ("Swiss Re" or "Plaintiff") and Defendants Nora & Partners, LLP, Veronica Nulman ("Ms. Nulman"), and Myra Brown ("Ms. Brown") (collectively referred to as the "Defendants") (Plaintiff and Defendants, collectively referred to as the "Parties") by and through their counsel, hereby submit this Status Report (the "Report") pursuant to this Court's August 20, 2025 Minute Entry.

**1. Summary of the Claims.**

This is a legal malpractice action brought by Plaintiff against Defendants. The parties dispute the scope, type, and competency of legal services the Defendants were to provide to Swiss Re in connection with a garnishment action filed against Swiss Re, styled *Botello et al. v. Community Insurance Group SPC, Ltd. et al.*, Cause No. D-101-CV-2019-01747 in the First Judicial District Court for Santa Fe County, New Mexico (the "Garnishment Action"). This action does not involve any counterclaims or third-party claims.

Defendants were previously named as defendants in the pending federal court action styled *Swiss Re International SE v. Park & Associates, et al.*, Case No. 1:24-cv-00213-KG-JFR pending in New Mexico District Court, New Mexico (the "New Mexico Federal Court Action"), but were dismissed for lack of personal jurisdiction by court Order. The pending New Mexico action includes two remaining defendants who also provided legal services to Plaintiff in the Garnishment Action.

Counsel for the New Mexico Federal Court Action and this action have reached an agreement to coordinate discovery of both actions for judicial efficiency and economy due to the involvement of the same underlying facts and similar claims. The deadlines proposed in this Report are based on the Parties' meet and confer between counsel in this action and the pending New Mexico Federal Court Action.

**2. Statement of the Relief Sought.**

SwissRe seeks to recover its alleged damages, which are approximately $15,000,000 (excluding interest). SwissRe also seeks to recover pre- and post-judgment interest, as well as its costs.

**3. Description of the Matter Referred.**

A copy of the referral order is attached as Exhibit 1.

**4. Status of any Briefing on Matters Referred.**

Not applicable, no motions have been filed.

**5. Description of Discovery.**

This matter was referred immediately after the parties filed their Joint Rule 26(f) Report. No discovery has yet been taken.

The Parties anticipate using the following types of discovery: (1) Interrogatories; (2) Requests for Production; (3) Requests for Admissions; (4) Subpoenas for records from third parties; (5) Expert Discovery; and (6) Depositions.

The Parties propose the following discovery limits:

- Maximum of 25 Interrogatories by Plaintiff to Defendants and vice versa.
- Maximum of 25 Requests for Admissions by Plaintiff to Defendants and vice versa.
- Maximum of 25 Requests for Production by Plaintiff to Defendants and vice versa.
- Maximum of 20 Depositions per side.
    - The Parties believe that the number of depositions is warranted based upon the complexity and number of parties involved in the Garnishment Action and the agreed upon discovery coordination between this action and the New Mexico Federal Court Action, including an agreement on the admissibility of one action's depositions in the other action and vice versa.
- Depositions of parties, Rule 30(b)(6) designees and experts, are limited to seven (7) hours, and all other witnesses are limited to four (4) hours, unless extended by agreement of the Parties.

**6. Trial before a Magistrate Judge.**

The parties do not unanimously consent to trial before a United States Magistrate Judge.

**7. Discovery Deadlines.**

A completed proposed Rule 16(b) scheduling order is attached hereto as Exhibit 2.

**8. Status of Settlement Negotiations.**

The Parties participated in an unsuccessful pre-lawsuit mediation. No settlement offers have been made since the filing of the Complaint in this action. The parties are continuing to have discussions on the availability of settlement at this time, and will advise the court of a request for a settlement conference as soon as they are able.

DATED this 26th day of August, 2025.

**GALLAGHER & KENNEDY, P.A.**

By: */s/ Hannah H. Porter*
Kevin E. O'Malley (admitted pro hac vice)
Hannah H. Porter (admitted pro hac vice)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016

William B. Oberts (local counsel for Plaintiff)
Amy M. Kunzer (local counsel for Plaintiff)
OBERTS GALASSO LAW GROUP
181 W. Madison, Suite 4700
Chicago, Illinois 60601
*Attorneys for Plaintiff SwissRe International SE*

**TRESSLER LLP**

By: */s/ Jennifer L. Smith w/permission*
Daniel R. Formeller
Jennifer L. Smith
Marissa M. Finley
Neda M. Manouchehri
TRESSLER LLP
233 S. Wacker Drive, 61st Floor
Chicago, Illinois 60606
*Attorneys for Defendants Nora & Partners, LLP; Veronica Nulman; Myra Brown*

## CERTIFICATE OF SERVICE

I certify that on this 26th day of August, 2025, a PDF copy of the foregoing was electronically transmitted to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

By: */s/Hannah H. Porter*
Hannah H. Porter

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Swiss Re International SE
Plaintiff,
v.
Veronica Nulman, et al.
Defendant.

Case No.: 1:25−cv−07055
Honorable Georgia N. Alexakis

**ORDER REFERRING A CIVIL CASE TO THE DESIGNATED MAGISTRATE JUDGE**

Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Maria Valdez for the purpose of holding proceedings related to: Discovery supervision and for settlement conference.(ca, )

Dated: August 20, 2025

/s/ Georgia N. Alexakis

United States District Judge

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

SWISS RE INTERNATIONAL SE,

Plaintiff,

V.

NORA & PARTNERS, LLP, an Illinois Limited Liability Partnership; VERONICA NULMAN; MYRA BROWN,

Defendants.

Case No. 1:25-cv-07055

Hon. Georgia N. Alexakis

Magistrate Judge Maria Valdez

**PROPOSED SCHEDULING ORDER**

**1. Pre-Discovery Conference and Disclosures**

A. The parties advise the Court that they **have** had a conference pursuant to Rule 26(f). The parties affirm their understanding of the requirements under Rule 26(f) including the requirement to discuss any discovery issues about electronically stored information (ESI) that may pertain to this case.

B. The parties advise the Court that initial disclosures **have not** been made pursuant to Rule 26(a)(1). If they have not been made all disclosures required by Rule 26(a)(1) shall be made on or before August 29, 2025.

2. **Discovery**

The following time limits and deadlines shall be applicable:

A. Any amendments to pleadings or actions to join other parties shall be filed on or before: Plaintiff: August 29, 2025; Defendants: September 12, 2025.

B. All written discovery shall be propounded no later than 45 days before the close of fact discovery, unless the requesting party has obtained prior leave of court.

C. The cutoff of fact discovery is January 30, 2026.

D. Plaintiff shall disclose its expert testimony pursuant to Rule 26(a)(2) on or before February 27, 2026. Defendants shall disclose their expert testimony pursuant to Rule 26(a)(2) on or before March 27, 2026

E. The parties may depose the other side's expert disclosed pursuant to Rule 26(a)(2) at any time prior to April 10, 2026.

F. The parties shall disclose any rebuttal expert at any time prior to April 24, 2026.

G. The parties shall have until May 29, 2026 to depose the opposing party's rebuttal expert.

**3. Prospects of Settlement.**

A. Counsel are to discuss settlement at the scheduling conference and to report on the status of settlement discussions.

B. The parties are to report on the earliest date on which they would be prepared to attend a settlement conference (with clients) with the Court and what discovery, if any, they believe may be needed to meaningfully assess settlement.

**ENTERED:**

**Dated: ____________________**

**____________________________**
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

10515916